## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                          SUPERIOR COURT

CHAD BLUNT,                     )
                               )
       Plaintiff              )
                               )          **10-3607** H
       v.                     )
                               )     Civil Action No._____
THE CHARLES HOTEL and          )
INTERSTATE HOTELS, LLC,        )
                               )
       Defendants             )

RECEIVED

SEP 13 2010

SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.     This is a civil action brought by Plaintiff Chad Blunt ("Blunt") against

The Charles Hotel and Interstate Hotels, LLC (collectively "the Defendants") for failure

to provide a reasonable accommodation or engage in an interactive process for the

Plaintiff's handicap, in violation of M.G.L. c. 151B; unlawful discrimination because of

handicap, in violation of M.G.L. c. 151B; retaliatory discharge because of requests for

reasonable accommodations, in violation of M.G.L. c. 151B; non-payment of wages, in

violation of M.G.L. c. 149, §§ 148 and 150; breach of implied contract; detrimental

reliance; and wrongful discharge in violation of public policy.

### JURISDICTION AND VENUE

2.     Jurisdiction lies in Superior Court pursuant to M.G.L. c. 212, § 3.

3.    Venue in Suffolk County is proper because the Plaintiff resides in Suffolk County.

## PARTIES

4.    Plaintiff Chad Blunt ("Blunt" or "Plaintiff") is an individual residing in Boston, Suffolk County, Massachusetts.

5.    Defendant The Charles Hotel ("the Hotel") is a Massachusetts company with its place of business in Cambridge, Middlesex County, Massachusetts.

6.    Defendant Interstate Hotels, LLC ("Interstate"), which also does business as Interstate Hotels and Resorts, is a Delaware company with its place of business in Arlington, Virginia, and conducting business within Massachusetts.

7.    At all relevant times, Interstate provided management services for the Hotel, including but not limited to human resources services.  Interstate was responsible, at least in part, for Blunt's hiring, discipline, and discharge, as well as setting his terms and conditions of employment.

## EXHAUSTION

8.    On or around April 10, 2010, Blunt filed a Complaint of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD") alleging unlawful discrimination and retaliation because of handicap.

9.    Blunt may file a private cause of action alleging unlawful discrimination and retaliation because of handicap by the Hotel pursuant to M.G.L. c. 151B, § 9, because more than ninety days have passed since he filed a Complaint of Discrimination with the MCAD.

10. Blunt may file a private cause of action alleging unlawful discrimination and retaliation because of handicap by Interstate because Interstate was on notice of Blunt's MCAD charge, had the ability to participate in administrative proceedings, and upon information and belief, in fact did participate in those administrative proceedings

11. On or around April 10, 2010, Blunt filed a Non-Payment of Wage and Workplace Complaint Form with the Massachusetts Office of the Attorney General alleging non-payment of wages by the Defendants.

12. By letter dated June 28, 2010, the Office of the Attorney General informed Plaintiff that he could file a private cause of action under M.G.L. c. 149, § 150 and M.G.L. c. 151, §§ 1B and 20.

## FACTUAL ALLEGATIONS

A. The Defendants' Failure to Accommodate Blunt's Disability

13. Blunt was employed as a bartender by the Defendants from October 2008 until October 2009.

14. Blunt was diagnosed with Type I Diabetes before he began working for the Defendants. This diagnosis was known at all relevant times by the Defendants.

15. Blunt's Type I Diabetes requires him to engage in a daily regimen of insulin therapy to manage his blood glucose levels.

16. As an accommodation for his disability, Blunt requested that he be provided with 30-minute unpaid meal breaks. Such meal breaks would provide Blunt with the time necessary to test his blood glucose level and take insulin.

17. The Defendants consistently refused to provide Blunt with 30-minute unpaid meal breaks.

18.    The Defendants were required to provide such breaks pursuant to M.G.L. c. 149, § 100.

19.    Blunt routinely complained to the Defendants about the denial of the 30-minute unpaid meal breaks.

20.    The Defendants made no attempt to find a different means to accommodate Blunt's diabetes.

B.  The Defendants' Unpaid Meal Break Policy

21.    The Defendants had a written policy that guaranteed employees a 30-minute unpaid meal break if they were scheduled for more than six hours of work per day.

22.    Both Blunt and his manager signed the Defendants' written policy.

23.    Blunt reasonably believed that the Defendants would adhere to the guarantee in their written policy that he would be provided with a 30-minute unpaid meal break when he was scheduled for more than six hours of work per day.

24.    Blunt relied on the Defendants' guarantee that he would be provided with 30-minute unpaid meal breaks when he decided to work for the Defendants.

25.    The Defendants frequently did not provide Blunt with 30-minute unpaid breaks when he was scheduled to work more than six hours per day.

C.  The Defendants' Failure to Pay Blunt Wages for All Work Performed

26.    During Blunt's employment, the Defendants tracked employees' working time with a biometric time clock.

27.    The only compensation paid by the Defendants to Blunt was for time recorded by the Defendants' biometric time clock system.

4

28.   The Defendants maintained and enforced a policy that did not allow Blunt to clock in more than five minutes prior to the start of his scheduled shifts.

29.   Notwithstanding the allegation of ¶ 28, supra, Blunt often reported to work 45 to 90 minutes prior to the posted start of his shift.  During this period, he would engage in set-up work at the bar, among other duties.

30.   The policy disallowing employees from clocking in more than five minutes prior to the start of the shift was maintained and enforced even when Blunt performed the work described in ¶ 29, supra.

31.   Blunt's weekly hours, when his work prior to his shift was combined with his work during his shift, were often in excess of forty hours per week.

32.   The Defendants knew that Blunt worked extra time prior to his shift and never asked him to cease doing that work.

33.   Managers and/or supervisors of the Defendants would often assign Blunt work to perform during this period before he was allowed to clock in.

34.   The Defendants promised Blunt that he would be paid at his regular hourly rate, ten dollars per hour, for all work performed in the first forty hours worked per week.

35.   The Defendants promised Blunt that he would be paid one and a half times his regular hourly rate for all work performed in excess of forty hours per week, regardless of the requirements of state and/or federal law.

36.   Blunt did not receive any compensation for his work prior to the posted start of his shift.

D. The Defendants' Discriminatory and Retaliatory Discharge of Blunt

37.    The Defendants terminated Blunt's employment as a bartender on October 1, 2009 as a result of his diabetes and in retaliation for his repeated requests for accommodation of his diabetes.

38.    When Blunt was fired, a representative of the Defendants told Blunt the Defendants would not contest his collection of unemployment benefits on the condition that he sign a form that stated he was resigning from his job.

39.    The Defendants warned Blunt that it was in his best interest to sign the resignation form, because he needed unemployment benefits to cover the cost of buying medicine to treat his diabetes.

40.    Blunt did not voluntarily resign from his job, but rather was fired by the Defendants.

41.    It was the Defendants' intention to fire Blunt if he did not sign the resignation form.

42.    The Defendants banned Blunt from its property when he was fired, whereas the Defendants have not banned other terminated employees.

## COUNT 1

(M.G.L. c. 151B – Handicap Discrimination)

43.    Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 42 above.

44.    At all relevant times, Plaintiff was an "employee" as defined by M.G.L. c.151B, § 1(6).

45.   At all relevant times, The Defendants were "employer[s]" as defined by M.G.L. c. 151B, § 1(5).

46.   Blunt's Type I Diabetes is a "handicap" as defined by M.G.L. c. 151B, § 1(17).

47.   Blunt was a qualified handicapped person under M.G.L. c.151B, § 4(16) at all relevant times.  Blunt would have been capable of performing the essential functions of his former position as bartender if he had been provided with reasonable accommodations for his handicap.

48.   Defendants repeatedly refused to accommodate Blunt's handicap by allowing him to take unpaid meal breaks.

49.   The provision of an unpaid meal break, as required by statute, is a reasonable accommodation of Blunt's handicap

50.   The Defendants did not attempt find any alternative reasonable means to accommodate Blunt's handicap.

51.   The Defendants refused to provide Blunt with a reasonable accommodation for his handicap, in violation of M.G.L. c. 151B, § 4(16).

52.   The Defendants refused to engage in an interactive process with Blunt in order to find a reasonable accommodation for his handicap, in violation of M.G.L. c. 151B, § 4(16).

## COUNT 2

### (M.G.L. c. 151B – Handicap Discrimination)

53.   Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 52 above.

54.    On or about October 1, 2009, Blunt was terminated because of his handicap, Type I Diabetes, in violation of M.G.L. c. 151B, § 4(16).

55.    The Defendants engaged in unlawful discrimination by banning Blunt from the premises as a result of his handicap, in violation of M.G.L. c. 151B, § 4(16).

## COUNT 3

### (M.G.L. c. 151B – Retaliation)

56.    Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 55 above.

57.    On or about October 1, 2009, Blunt was terminated in retaliation for his numerous requests for a reasonable accommodation of his handicap and complaints when a reasonable accommodation was not provided.

58.    The Defendants engaged in unlawful discrimination by firing Blunt in retaliation for his requests for a reasonable accommodation of his handicap and complaints when a reasonable accommodation was not provided, in violation of M.G.L. c. 151B, § 4(16).

59.    The Defendants engaged in unlawful discrimination by banning Blunt from the premises in retaliation for his requests for a reasonable accommodation of his handicap and complaints when a reasonable accommodation was not provided, in violation of M.G.L. c. 151B, § 4(16).

## COUNT 4

### (Breach of Implied Contract)

60.    Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 59 above.

61.    The Defendants' written policy guaranteeing employees the right to 30-minute meal breaks when they worked more than six hours per day created an implied contract between Blunt and the Defendants.

62.    Blunt and the Defendants evidenced their agreement to this contract by signing it and having a supervisor sign it, respectively.

63.    Blunt gave consideration for this contract by performing bartending services for the Defendants.

64.    Blunt suffered damages when the Defendants breached this contract by failing to provide him with unpaid thirty-minute breaks when he worked more than six hours per day.

## COUNT 5

### (Detrimental Reliance)

65.    Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 64 above.

66.    Blunt reasonably relied on the Defendants' guarantees in their written policies that employees had the right to 30-minute meal breaks when they worked for more than six hours per day.

67.    Blunt's reliance on these guarantees was to his detriment because he did not receive 30-minute meal breaks.

68.    Blunt suffered damages because of the Defendants' failure to provide him with 30-minute meal breaks.

## COUNT 6

### (Wrongful Discharge in Violation of Public Policy)

69.  Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 68 above.

70.  Employees have a legally guaranteed right under M.G.L. c. 149, § 100 to be provided with a 30-minute meal break after six hours of work.

71.  This statutory right represents a Massachusetts public policy in favor of providing employees with periodic breaks during their work time.

72.  The Defendants consistently refused to provide Blunt with unpaid meal breaks, despite being required to do so under M.G.L. c. 149, § 100.

73.  The Defendants discharged Blunt because he attempted to exercise his lawful right to rest by requesting unpaid meal breaks and complaining about not being provided unpaid meal breaks.

74.  The Defendants' discharge of Blunt was in violation of the public policy embodied in M.G.L. c. 149, § 100.

75.  Blunt suffered damages because of the Defendants' wrongful discharge in violation of public policy.

## COUNT 7

### (M.G.L. c. 149, §§ 148 and 150 – Failure to Pay Wages)

76.  Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 75 above.

77.  At all relevant times, Blunt was as an "employee" covered by M.G.L. c. 149, §§ 148 and 150.

78.  At all relevant times, the Defendants were "person[s] having employees in [their] service," under M.G.L. c. 149, § 148.

79.    Blunt never received any compensation for his work prior to the start of his shift, despite the Defendants' promise to pay him at his regular hourly rate for all work performed and one and a half times his regular hourly rate for all work performed in excess of 40 hours per week.

80.    The Defendants' failure to pay Blunt his earned wages in a timely manner constitutes a violation of M.G.L. c. 149, §§ 148 and 150.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for this Court:

(1)    to enter judgment for the Plaintiff for damages resulting from the Defendants' failure to reasonably accommodate the Plaintiff's handicap or engage in an interactive process in order to reasonably accommodate the Plaintiff's handicap;

(2)    to enter judgment for the Plaintiff for damages resulting from the Defendants' unlawful discriminatory discharge of the Plaintiff on the basis of his handicap;

(3)    to enter judgment for the Plaintiff for damages resulting from the Defendants' discharge of the Plaintiff in retaliation for his requests for accommodation;

(4)    to enter judgment for the Plaintiff for damages resulting from the Defendants' breach of their implied contract with the Plaintiff;

(5)    to enter judgment for the Plaintiff for damages resulting from detrimental reliance;

11

(6)     to enter judgment for the Plaintiff for damages resulting from the Defendants' discharge of the Plaintiff in violation of public policy;

(7)     to enter judgment for the Plaintiff for damages resulting from the Defendants' failure to pay wages due for his work prior to his shifts;

(8)     to enter judgment for the Plaintiff for mandatory treble damages on all unpaid wages, pursuant to M.G.L. c. 149, § 150;

(9)     to award costs and reasonable attorneys' fees;

(10)    to award interest on all damages recovered;

(11)    to award such further legal and equitable relief as this Court may deem fitting and just.

## JURY CLAIM

The Plaintiff hereby claims a jury trial.

Respectfully submitted,

CHAD BLUNT

By his attorneys,

Michael J. Doheny, Esq., BBO# 644476
James A.W. Shaw, Esq., BBO# 670993
SEGAL ROITMAN, LLP
111 Devonshire St., 5th Floor
Boston, MA 02109
Phone: (617) 742-0208
Fax: (617) 742-2187
E-mail: jshaw@segalroitman.com

Dated September 13, 2010

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 10-3607-H

Chad Blunt _____ , Plaintiff(s)

v.

Interstate Hotels, LLC _____ , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon James A.W. Shaw, Esq. BBO# 670993
Segal Roitman, LLP
plaintiff's attorney, whose address is 111 Devonshire St., 5th Fl., Boston, MA 02109 , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the ____Fourteenth____ day of
____September____ , in the year of our Lord two thousand __ten__ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 10M - 8/09

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20\_ \_\_\_, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated:_____, 20 ____.          _____

Service of Process accepted by Amy E. Mendenhall, Attorney for Defendant, The Charles Hotel.

Amy E. Mendenhall, Esq.
Date: 9/14/2010

**N.B.   TO PROCESS SERVER:–**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN**
**THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

, 20 .

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 10-3607-H

Chad Blunt , Plff(s).

v.

The Charles Hotel , Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)